UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BIKEO EDWARDS,

                                                      Plaintiff,

    v.                                                                               9:17-CV-596
                                                                                 (LEK/ATB)

JAN COWER and THOMAS SIENKO,

                                                      Defendants.

---

BIKEO EDWARDS, Plaintiff, pro se
ROBERT G. BEHNKE, Broome County Attorney, for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

In this civil rights action, plaintiff alleges, inter alia, that he was pushed out of a third-story window by the defendant police detectives as they were executing a search warrant in plaintiff's apartment. (Compl., Dkt. Nos. 1, 23-6). Plaintiff's sole surviving claim is an alleged violation of his Fourth Amendment right to be free from unreasonable and excessive force.[1]

Defendants have filed a summary judgment motion, supported by a Statement of Undisputed Material Facts (Dkt. No. 23-12) and several affidavits (Dkt. Nos. 23-1 through 23-5), seeking dismissal of plaintiff's Fourth Amendment claim on the merits,

---

[1] Other claims initially filed by plaintiff were previously dismissed by Senior District Judge Kahn upon initial review of the pro se complaint. (*See* 8/18/2017 Decision and Order, Dkt. No. 6). Plaintiff's response to the summary judgment motion makes arguments in support of some of the dismissed claims, but because plaintiff made no prior effort to amend his complaint to add back claims that were dismissed without prejudice, this court need not address the dismissed claims.

and based on qualified immunity. (Def.'s Mem. of Law, Dkt. No. 23-11). Although plaintiff received written notice from the Clerk on August 3, 2018 that he was required, by Local Rule 7.1(a) to file "a response to the defendants' statement of material facts that admits and/or denies each of the defendants' assertions in matching numbered paragraphs, and that supports each denial with citations to record evidence" (Dkt. No. 24),[2] plaintiff's Statement of Material Fact (Dkt. No. 25 at 5-6) did not admit or deny many critical allegations of defendants' Statement. Defendants filed a reply, supported by a supplemental affidavit and exhibit. (Dkt. No. 26).

Defendants' summary judgment motion (Dkt. No. 23) has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Court Judge. Because no rational fact finder could determine that plaintiff was intentionally pushed out of the window by the defendant officers, based on his prior statements admitting that he fell or jumped out of the window, this court will recommend granting defendants' summary judgment motion and dismissing the surviving claim in plaintiff's complaint.

I.  **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."

---

[2] Plaintiff was also notified, more generally, of his obligations to respond to the summary judgment in accordance with Local Rule 7.1 by defense counsel. (Dkt. No. 23-10).

2

*Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin*, 467 F.3d at 272.

To be sufficient to create a "factual issue," in the context of a summary judgment motion, an allegation in an affidavit or verified complaint must not be conclusory or overly general. *Smith v. Woods*, 9:03-CV-480 (DNH/GHL), 2006 WL 1133247, at *3 & n.10 (N.D.N.Y. Apr. 24, 2006). Even where a complaint or affidavit contains specific assertions, the allegations "may still be deemed conclusory if [they are] (1) 'largely unsubstantiated by any other direct evidence' and (2) 'so replete with inconsistencies and improbabilities that no reasonable juror would undertake the

3

suspension of disbelief necessary to credit the allegations made in the complaint.'" *Id.,* 2006 WL 1133247, at *3 & n.11 (quoting *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) ("While it is undoubtedly the duty of district courts not to weigh the credibility of the parties at the summary judgment stage, in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete, it will be impossible for a district court to determine whether 'the jury could reasonably find for the plaintiff,' . . . and thus whether there are any "genuine" issues of material fact, without making some assessment of the plaintiff's account.")).

In *Govan v. Campbell*, U.S. District Judge Gary L. Sharpe cogently summarized the standards in the Second Circuit for evaluating summary judgment motions when a pro se plaintiff has not properly responded. The liberal standard applying to the evaluation of the civil rights claims of pro se litigants

> . . . does not excuse a pro se litigant from following the procedural formalities of summary judgment. *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, at *2 (S.D.N.Y. May 16, 2001). More specifically, Local Rule 7.1(a)(3) of this court specifically provides that "any facts set forth in the [moving party's] Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party." Local Rule 7.1(a)(3) further requires that the "non-movant shall file a Statement of Material Fact which mirrors the movant's statement in matching numbered paragraphs and which set forth a specific reference to the record where the material fact is alleged to arise." The courts of the Northern District have adhered to a strict application of Local Rule 7.1(a)(3)'s requirement on summary judgment motions. *Giguere v. Racicot*, 00-CV-1178, 2002 WL 368534, at *2 (N.D.N.Y. March 1, 2002) (*inter alia* citing *Bundy Am. Corp. v. K-Z Rental Leasing, Inc.*, 00-CV-260, 2001 WL 237218, at *1 (N.D.N.Y. March 9, 2001)).
>
> Furthermore, this Circuit adheres to the view that nothing in Rule 56 imposes an obligation on the court to conduct a search and independent review of

the record to find proof of a factual dispute. *Amnesty America v. Town of West Hartford*, 288 F.3d 467, 470 (2d Cir. 2002). As long as the local rules impose a requirement that parties provide specific record citations in support of their statement of material facts, the court may grant summary judgment on that basis. *Id*. at 470-71.

*Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007).

As noted above, although plaintiff received proper notice of his obligation to respond to defendants' summary judgment motion in accordance with Local Rules, the plaintiff did not file a Statement of Material Fact that addressed many of the factual allegations in defendants' Statement, as required by Local Rule 7.1(a)(3). Consequently, the court may accept the properly supported facts contained in the defendants' Rule 7.1 statement (Dkt. No. 23-12) as true for purposes of this motion. *See Govan v. Campbell*, 289 F. Supp. 2d at 295-96.

## II.     Unreasonable and Excessive Force

### A.     Applicable Law

The right under the Fourth Amendment to be free from unreasonable search and seizure prohibits the use of excessive force by law enforcement in encounters with criminal suspects. *Terebesi v. Torreso*, 764 F.3d 217, 231 (2d Cir. 2014) ("The Fourth Amendment governs 'the reasonableness of the manner in which a search or seizure is conducted.'") (citation omitted); *Graham v. Connor*, 490 U.S. 386, 394 (1989). Applying the "test of reasonableness" to an analysis of a Fourth Amendment claim "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or

5

attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. at 396 (citations omitted); *see also Tracy v. Freshwater*, 623 F.3d 90 (2d Cir. 2010) (citing *Graham* and listing the three factors).   The Court does not evaluate the record in hindsight, but, instead, from the "perspective of a reasonable officer on the scene." *Tracy*, 623 F.3d at 96.

Because the inquiry of whether force was excessive is by nature fact-specific, granting summary judgment on an excessive force claim is not appropriate unless "no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 123 (2d Cir. 2004) (citing *O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003).  "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could *reasonably* find for the plaintiff." *Jeffreys v. City of New York*, 426 F.3d at 554.

**B.    Relevant Facts**

Plaintiff alleges that on November 22, 2016, the defendant police officers raided the house in which he resided and pushed him out of a window, causing him to fall three stories and sustain serious injuries.  (Compl. at 4).  Plaintiff repeats those allegations in his response to the summary judgment motion, but, as discussed further below, he made prior, inconsistent statements that he fell or jumped out of the window to a medical provider who treated him, and in the presence of several officers and a Village Justice who arraigned plaintiff in the hospital.

Det. Cower was part of a team of Broome County task force officers who

executed a search warrant at plaintiff's residence on November 22, 2016. (Cower Aff. ¶ 2, Dkt. No. 23-2). The officers needed to use a RAM and a halogen tool to access the locked apartment. Det. Cower entered the apartment first, with Detective Sienko directly behind him, and yelled "police, search warrant." (Cower Aff. ¶ 3). Det. Cower observed a black male, later identified as plaintiff, run into a bedroom, and Det. Cower had to kick open the bedroom door to pursue plaintiff. (Cower Aff. ¶¶ 4, 6). Upon entering the bedroom, Det. Cower saw that plaintiff was "mostly out the bedroom window" and holstered his gun and attempted to grab the plaintiff's leg. Plaintiff was "actively still trying to get further out of the window," and Det. Cower was not able to hold on to plaintiff's leg. Plaintiff fell out of the window and, after landing on the pavement below, started to run into a neighboring yard. (Cower Aff. ¶ 5). Det. Sienko entered the bedroom behind Det. Cower and also saw plaintiff "mostly out the window." (Sienko Aff. ¶¶ 3, 4, Dkt. No. 23-3). Det. Sienko watched as Det. Cower unsuccessfully tried to grab plaintiff's leg to keep him from exiting the window head first. Plaintiff fell to the pavement before Det. Sienko could get close enough to assist Det. Cower. (Sienko Aff. ¶ 5).

Plaintiff was arrested and transported to the hospital for medical treatment, and Det. Cower and Sgt. Christopher Ketchum were present when plaintiff was arraigned in the hospital by Village Justice Thomas Dellapenna. (Cower Aff. ¶¶ 6, 7, 9). Prior to his arraignment, plaintiff made several spontaneous statements to the officers, who did not attempt to question plaintiff. Among other things, plaintiff told Det. Cower and Sgt. Ketchum, that he did not mean to jump out of the window, but slipped on the ice

7

and fell out as he was trying to throw his drugs over the small section of roof below the window.  (Cower Aff. ¶¶ 7-8; Ketchum Aff. ¶¶ 6-7, Dkt. No. 23-5).  While in the hospital for the arraignment, Village Justice Dellapenna also heard plaintiff state that "he fell out of the apartment window."  (Dellapenna Aff. ¶¶ 2-3, Dkt. No. 23-4).  In defendants' reply to the summary judgment motion, defense counsel submitted medical records from the hospital, which reflect that plaintiff told a treating provider that "while running from the authorities . . . he jumped three stories."  (Dkt. No. 26 at 2).

In responding to the summary judgment motion, plaintiff repeated his conclusory claim that he was "pushed" out of the third-story window by the defendants, and added a new claim not reflected in his complaint–that the defendants first "started grabbing me to assault me."  (Pl.'s Stmt. of Mat. Facts, Dkt. No. 25 at 5).  However, plaintiff's Statement of Material Facts did not address many of the critical factual allegations of the defendants' statement, including (1) that, when the defendants entered plaintiff's bedroom, he was hanging mostly out of the window headfirst, with his feet and legs off the ground; (2) that plaintiff was actively trying to get further out of the window when Det. Cower tried to grab his leg; (3) that Det. Sienko did not get close enough to the window to assist Det. Cower before plaintiff fell; and (4) that plaintiff stated, at the hospital, in the presence of Det. Cower, Sgt. Ketchum, and Justice Dellapenna, that "he did not mean to jump from the window, but was trying to 'dump his drugs out the window [but] . . . did not know there was a small roof outside the window [and] . . . that he tried to lean out further to dispose of his drugs but ended up going too far and falling. . . ."  (Def.s' Stmt. of Mat. Facts ¶¶ 12-16, 29-30).  Thus, those facts may

8

accepted as true for the purposes of the pending summary judgment motion.

### C. Analysis

Given plaintiff's inconsistent statements regarding how he went through the window of his third-floor bedroom, no rational fact finder could conclude that the defendant detectives intentionally pushed him out. The Second Circuit's opinion in *Jeffreys*, based on very similar facts, upheld a grant of summary judgment against a plaintiff who belatedly and inconsistently claimed that he was thrown out of an third-story window by police officers. Jeffreys's account of the incident at his deposition differed on all points from several more contemporaneous accounts that he gave. On at least three occasions Jeffreys "confessed to having jumped out of the third-story window," and made "no mention of any police misconduct." 426 F.3d at 552. Similarly, "[a]t his arraignment, guilty plea, and sentencing, Jeffreys . . . made no mention of any beating or defenestration," and medical records also appeared to belie his claim. *Id*. at 552-53. The Second Circuit held that "the District Court did not err in concluding, in the course of determining whether there were any 'genuine issues of material fact,' that no reasonable jury could have credited Jeffreys's testimony." *Id*. at 551.

On the day of the incident in this case, plaintiff Edwards told medical personnel, two police officers, and the Village Justice who arraigned him that he either jumped or fell out of his bedroom window. Plaintiff's unsupported claim that the two defendant officers, one of whom never touched him, pushed him out of the window is contradicted, not only by the account of the defendant officers, but two independent

9

witnesses with no stake in this litigation–the treating medical provider and the Village Justice.  Based on *Jeffreys*, defendants' motion for summary judgment should be granted and plaintiff's complaint dismissed.

### III.   **Qualified Immunity**

Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Even if the constitutional privileges are clearly established, a government actor may still be shielded by qualified immunity "if it was objectively reasonable for the public official to believe that his acts did not violate those rights." *Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir. 1991) (citing *Magnotti v. Kuntz*, 918 F.2d 364, 367 (2d Cir. 1990).

In determining whether qualified immunity applies, the court may first consider whether "the facts alleged show the [defendant's] conduct violated a constitutional right."  *Saucier v. Katz*, 533 U.S. 194, 201(2001), modified by *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that, "while the sequence set forth [in *Saucier*] is often appropriate, it should no longer be regarded as mandatory in all cases").  "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier*, 533 U.S. at 201.  Having concluded that plaintiff cannot establish that the defendants violated his Fourth Amendment rights to be free from unreasonable and excessive force, it is not necessary to address defendants' claim of qualified immunity.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 23) be **GRANTED**, and that the surviving claim in plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 10, 2018

*[signature]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge